**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAMES VERNON SMITH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:20-cv-453** |
| | § | |
| **RICH TRANSPORT, LLC d/b/a RICH** | § | |
| **LOGISTICS and ROADRUNNER** | § | |
| **TRUCKLOAD HOLDINGS, LLC,** | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS' NOTICE OF REMOVAL

Defendants Rich Transport, LLC d/b/a Rich Logistics ("Rich Logistics") and Roadrunner Truckload Holdings, LLC ("Roadrunner") (jointly, the "Defendants") file this Notice of Removal based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for removal state as follows:

### I.  PROCEDURAL BACKGROUND

1.     On March 4, 2020, Plaintiff James Vernon Smith ("Plaintiff") filed his Original Petition (the "Petition") in the 131st Judicial District Court of Bexar County, Texas, Cause No. 2020-CI-04599 (the "State Court Action") against Defendants. The Petition, along with the State Court Docket Sheet and copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Defendants are attached hereto as **Exhibit A**.

2.     Plaintiff served the Petition and citation on both Defendants on March 19, 2020. *See* Service of Process Transmittal for Rich Logistics, Ex. A at 10; Service of Process Transmittal for Roadrunner, LLC, Ex. A at 13.

## II.      NATURE OF THE CASE

3.      The Petition asserts a cause of action against Defendants for defamation. *See* Petition, Ex. A at 7–8. Specifically, Plaintiff alleges as that Defendants "wrongfully told" potential employers that Plaintiff "was terminated from his position at Rich Logistics for refusing a drug test or for violating company policy." *Id.* at 7.  Plaintiff claims he was not accepted for positions with potential employers "because of the unfavorable and untrue information being disseminated about him by Rich Logistics."  *Id.*  Defamation is the only cause of action asserted in the Petition. *Id.* at 7–8.

## III.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION

4.      The State Court Action may be removed to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332. *See Reynolds v. Pers. Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 840 (W.D. Tex. 2015) ("A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction."). District courts have diversity jurisdiction over all civil actions between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

**A.      Plaintiff and Defendants are Citizens of Different States.**

5.      Cases arising under 28 U.S.C. § 1332 require "complete diversity," meaning all persons on one side of the controversy must "be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

6.      According to the Petition, Plaintiff "is an individual residing in Bexar County, Texas." *See* Petition, Ex. A at 5. Upon information and belief, Plaintiff was domiciled in Bexar County when this action was commenced. Plaintiff is now, and was when this action was

commenced, a citizen of the State of Texas and of no other state.

7.      The citizenship of a limited liability company, for diversity jurisdiction purposes, is determined by the citizenship of all of its members. *See Harvey*, 542 F.3d at 1080. Roadrunner Truckload Holdings, LLC is a limited liability company made up of one member, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. Thus, because the only member of Roadrunner is a citizen of both the State of Delaware and the State of Illinois, Roadrunner was, and is now, a citizen of Delaware and Illinois.

8.      Rich Transport, LLC d/b/a Rich Logistics is a limited liability company made up of one member, a limited liability company, which in turn has one corporate member organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. Thus, Rich Logistics was, and is now, a citizen of both the State of Delaware and the State of Illinois.

9.      Accordingly, Defendants are now, and were when the action was commenced, diverse in citizenship from Plaintiff. Neither Defendant is, or was when the suit was commenced, a citizen of the State of Texas.

**B.      The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

10.     Plaintiff's Petition seeks "damages of $200,000.00 to $1,000,000.00." *See* Petition, Ex. A at 5.

11.     Thus, removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.     ADDITIONAL REQUIREMENTS

12.     Removal is proper to the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas,

which is the location of the pending State Court Action. 28 U.S.C. §§ 1441(a) & 1446(a); *see* Local Court Rules of the United States District Court for the Western District of Texas, at viii ("The SAN ANTONIO DIVISION comprises the following counties: . . . Bexar").

13.     Pursuant to 28 U.S.C. § 1446(a), the docket sheet, copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Defendants are attached. *See* Ex. A.

14.     Under 28 U.S.C. § 1446(b), this removal is timely. This Notice of Removal is filed within 30 days of March 19, 2020, the date that both Defendants were served.

15.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the 131st Judicial District Court of Bexar County, Texas, in Cause No. 2020-CI-04599.

16.     Defendants reserve the right to submit additional evidence to support removal as appropriate in future circumstances, or to amend this Notice of Removal.

17.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or any state or federal statute, rule, or otherwise.

## V.     CONCLUSION

For all the reasons above, having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1441, & 1446, Defendants Rich Transport, LLC d/b/a Rich Logistics and Roadrunner Truckload Holdings, LLC hereby give notice that Cause No. 2020-CI-04599 in the 131st Judicial District Court of Bexar County, Texas has been removed to this Court.

Dated:  April 10, 2020

Respectfully submitted,

**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (fax)


By: */s/ Danielle Gilbert*
      Danielle Gilbert
      State Bar No. 24092421
      Danielle.Gilbert@huschblackwell.com

**ATTORNEY FOR RICH TRANSPORT, LLC
D/B/A RICH LOGISTICS AND
ROADRUNNER TRUCKLOAD HOLDINGS,
LLC**


## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on April 10, 2020:

John F. Carroll
jcarrollsatx@gmail.com
111 West Olmos Drive
San Antonio, Texas 78212
(210) 829-7183
(210) 829-0734 (fax)


*/s/ Danielle Gilbert*
Danielle Gilbert